Edward R. Litwin SB#: 57635
Christina H. Lee SB#: 230883
Litwin & Associates, A Law Corporation
1435 Huntington Ave., Suite 336
South San Francisco, CA  94080
(650) 588-7100 (t) (650) 588-4302 (f)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABRICE FORGET ) | Civil No. |
| Plaintiff, ) | PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS |
| v. ) | |
| MICHAEL CHERTOFF, Secretary ) | |
| EMILIO T. GONZALEZ, Director, CIS ) | "Immigration Case" |
| ROSEMARY MELVILLE, District Director ) | CIS NO.   A77-162-084 |
| Department of Homeland Security; ) | |
| ROBERT S. MUELLER, Director ) | |
| Federal Bureau of Investigations ) | |
| Defendants. ) | |

COMES NOW Fabrice Forget, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1.  This action is brought against the Defendants to compel action on Form N-400, Application for Naturalization properly filed by the Plaintiff.  The application remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to the Plaintiff's detriment.

PARTIES

2.  Plaintiff Fabrice Forget is a 36 year-old citizen of France.  He became a lawful permanent

COMPLAINT                                                                 1

resident of the United States on June 19, 1998.

3.  Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS) and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act (the Act) and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 CFR §2.1.

4.  Defendant Emilio T. Gonzalez is the Director of the United States Citizenship and Immigration Services (USCIS), an agency within the DHS to whom the Secretary's authority has, in part, been delegated and is subject to the Secretary's supervision, and this action is brought against him in his official capacity. Defendant Emilio T. Gonzalez is generally charged with the overall administration of benefits and immigration services. 8 CFR §100.2(a).

5.  Defendant Rosemary Melville is the District Director of the San Francisco District of the CIS, and this action is brought against her in her official capacity. Defendant Rosemary Melville is generally charged with administration and enforcement of the Act and all other laws relating to immigration and naturalization within her assigned geographic area. 8 C.F.R. § 100.2(d)(2)(ii).

6.  Defendant Robert S. Mueller is the Director of the Federal Bureau of Investigations (FBI) and this action is brought against him in his official capacity. Defendant Robert S. Mueller is the head of the FBI, an agency charged with duties such as conducting investigations regarding official matters under the control of the Department of Justice and the Department of State as may be directed by the Attorney General. 28 USC § 533.

## JURISDICTION

7.  The Court has jurisdiction of this action pursuant to 28 USC §§1331 and 1361, the Administrative Procedures Act of 5 USC § 555(b) and §701 *et seq.*, 8 USC § 1421 *et seq.,* and 8 USC § 1447(b) and 28 USC § 2201 since the Defendants have failed to make a determination of Plaintiff's application for naturalization within the 120 day statutory period. Relief is requested pursuant to said

COMPLAINT                               2

statutes.

## INTRADISTRICT ASSIGNMENT

8.  Pursuant to Civil L.R. 3-2(d), since the Plaintiff resides in San Mateo County, assignment shall be to the San Francisco Division.

## VENUE

9.  Venue is proper in this court, pursuant to 28 USC § 1391(e)(3), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the plaintiff resides if no real property is involved in the action. Specifically, Plaintiff resides at 132 44th Avenue, San Mateo, California, and no real property is involved in the instant action.

## EXHAUSTION OF REMEDIES

10. Plaintiff has exhausted his administrative remedies. Plaintiff has made numerous inquiries concerning the status of his application to no avail.

## CAUSE OF ACTION

11. All legal prerequisites having been satisfied, Plaintiff Forget filed his application for naturalization on September 15, 2003, with the USCIS.

12. On November 22, 2003, Plaintiff Forget went to the USCIS in San Francisco and had his fingerprints taken.

13. On April 29, 2004, Plaintiff Forget attended his interview with the USCIS. He passed the civics and English requirement, but was told that his background check were not complete.

14. On November 19, 2004, the USCIS sent the Plaintiff a letter stating that a final decision could not be made on his case until national security checks were completed for his case.

15. On May 10, 2005, Plaintiff Forget made an Infopass appointment and had his biometrics taken again.

16. On June 1, 2005, the USCIS sent the Plaintiff another letter stating that a final decision could

COMPLAINT                                3

not be made until the Plaintiff's national security checks were completed.

17. On November 27, 1005, Plaintiff Forget sent a letter to the USCIS requesting a status update on his case and indicated that more than two years had passed since he filed his case.

18. On December 14, 2005, the USCIS sent a response to the Plaintiff stating that a final decision could not be made until the Plaintiff's national security checks were completed.

19. Around July 7, 2006, the Plaintiff inquired with the USCIS regarding his case. The USCIS responded and stated that the Plaintiff's case was still pending due to incomplete background checks.

20. Around December 29, 2006, the Plaintiff inquired again with the USCIS regarding the status of his case. The USCIS responded and stated that the Plaintiff's case was still pending due to incomplete background checks.

21. Around November 29, 2007, the Plaintiff inquired with the USCIS regarding the status of his case. The USCIS responded and stated that his case was still pending because his background checks were not yet complete.

22. On January 14, 2008, the USCIS sent a letter to the Plaintiff requesting additional information, and directing the Plaintiff to get his fingerprints taken again at the local Application Support Center.

23. On January 14, 2008, Plaintiff Forget contacted Senator Dianne Feinstein requesting her assistance on his immigration case.

24. On January 14, 2008, the Plaintiff faxed a name check inquiry and FOIA request to the FBI.

25. More than 120 days have passed since the Plaintiff's initial interview, and the Defendants have made no decision on Plaintiff's application.

26. The Defendants' failure to make a determination of Plaintiff's application within the 120-day statutory period allows the Plaintiff to bring the matter to this Court for a hearing pursuant to 8 USC § 1447(b).

27. Further, upon information and belief, following Plaintiff's interview on April 29, 2004, the

COMPLAINT 4

USCIS Defendants requested the Federal Bureau of Investigation, or other Federal agencies unknown to the Plaintiff, to complete and verify security checks with regard to Plaintiff Forget.  Defendants Secretary Chertoff and Director Mueller and unknown officers and officials under their direction and control have failed and refused to complete such security checks.

28.  The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., have unlawfully withheld, and are unlawfully withholding and unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case.  By denying adjudication, Defendants are denying Plaintiff Forget the rights accorded to a United States citizen, such as the right to vote.

29.  Plaintiff desires a judicial determination of his naturalization application and a declaration that he is entitled to be naturalized as a citizen of the United States.

## PRAYER

30.  WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court will:

(a) hear Plaintiff's case and render a declaratory judgment that he is entitled to be naturalized,

(b) award the Plaintiff reasonable attorney's fees under the Equal Access to Justice Act; and

(c) grant such further relief at law and in equity as justice may require.


Dated: _____

　　　　　　　　　　　　　　　　　　　　　　　　_____/S/_____
　　　　　　　　　　　　　　　　　　　　　　　　Christina H. Lee
　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

COMPLAINT                                             5